IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS HAROLD LOWERY, II,
    Plaintiff,

vs.                                                  Case No.: 3:11cv295/RV/CJK

WENDALL HALL, et al.,
    Defendants.
_____

ORDER and
REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, commenced this action on June 22, 2011 by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 4). He did not submit any money for the filing fee at the time he submitted his complaint. Plaintiff claims the defendants violated his Eighth Amendment rights when they issued plaintiff a styrofoam cup to drink out of during breakfast, lunch, and dinner. (Doc. 1, p. 5). Plaintiff contends that styrofoam cups greatly increase his risk of cancer, especially when these cups are holding hot water. (Doc. 1, p. 5). The defendants, plaintiff notes, do not make any other types of cup available. (Doc. 1, p. 5). On August 1, 2011 this court entered an order granting plaintiff leave to proceed *in forma pauperis* (doc. 5). Upon review, this court has discovered that three of plaintiff's prison-generated lawsuits have been dismissed by judges of the Northern District as frivolous, malicious, or failing to state

a claim upon which relief may be granted. This court's previous order granting plaintiff leave to proceed *in forma pauperis* will therefore be vacated and this case dismissed under 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Judicial notice is taken that plaintiff has filed the following civil rights cases in the United States District Court for the Northern District of Florida: 3:09cv514; 3:10cv308; 3:10cv457; 3:10cv204; and 3:10cv456. Plaintiff, while incarcerated, has brought <u>at least</u> three civil actions in the federal courts that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Lowery v. State of Florida*, No. 3:09cv514 (N.D. Fla. 2009) (dismissing for

failure to state a claim a civil rights complaint filed by plaintiff while incarcerated); *Lowery v. Armor Medical, et al.*, No. 3:10cv204 (N.D. Fla. 2010) (dismissing as malicious a civil rights complaint filed by plaintiff while incarcerated); *Lowery v. Coleman*, No. 3:10cv456 (N.D. Fla. 2010) (dismissing for failure to state a claim civil rights complaint filed by plaintiff while incarcerated).

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*. Plaintiff's allegations that "[his] risk of cancer is greatly increased[,]" do not bring him within the "imminent danger" exception. (Doc. 1, p. 5). Because he did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed.

Accordingly, it is ORDERED:

This court's August 1, 2011 order granting plaintiff leave to proceed *in forma pauperis* (doc. 5) is VACATED.

And it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g) and the clerk be directed to close the file.

At Pensacola, Florida this 30th day of October, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).